# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DELAQUAN D. HENDERSON, | : | Case No. 3:24-cv-69 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| MCCABE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate currently housed at the Pickaway Correctional Institution (PCI), in Orient, Ohio,[1] has filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 relating to alleged events that occurred while he was incarcerated at the Montgomery County Jail (Jail), in Dayton, Ohio.  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 7).

This matter is currently before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] Plaintiff was incarcerated at the Montgomery County Jail at the time he initiated this action.  However, according to the Jail website, https://mont.miamivalleyjails.org/, he is no longer incarcerated there.  According to the Ohio Department of Correction and Rehabilitation website, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A828108, Plaintiff was incarcerated at the North Central Correctional Institution at the time the Court entered its September 27, 2024 Order (Doc. 7) granting Plaintiff *in forma pauperis* status.  Since that time, Plaintiff has been transferred again and is currently housed at PCI, under Inmate Number A828108.

## A. LEGAL STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

2

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B.  COMPLAINT

As set forth above, Plaintiff is currently incarcerated at PCI.  The events about which he complains, however, allegedly occurred while he was incarcerated at the Jail.  Plaintiff sues Defendants C.O. McCabe, NaphCare Nurse Leana, and Shift Supervisor Adams.  (Doc. 1, at PageID 1-2).

Plaintiff asserts that in February 2024 he was subjected to excessive force when Defendant C.O. McCabe allegedly slammed his right arm and hand in the cuff port, injuring

Plaintiff. Plaintiff states that Defendant NaphCare Nurse Leana, who was there giving Plaintiff his medical supplies, witnessed the incident. Plaintiff also alleges that following the incident he was denied proper medical care for his injuries, nobody documented his injuries, a use-of-force report was never generated, and Defendant Adams improperly denied his grievance against McCabe. (*Id*. at PageID 3). Additionally, Plaintiff claims that unidentified Jail staff, who are not named as Defendants, subjected him to retaliatory harassment and stopped his medication. (*Id.* at PageID 4).

The sole relief Plaintiff seeks in the Complaint is injunctive relief in the form of a criminal investigation against Defendant McCabe, adequate medical attention at the Jail, a policy change at the Jail, and the use of body cameras by employees at the Jail. (Doc. 1, at PageID 5).

## C. ANALYSIS

Based on the above allegations, the Court understands Plaintiff to be bringing an Eighth Amendment[2] claim of excessive force against Defendant McCabe; a Fourteenth Amendment Due Process claim regarding the investigation and denial of his grievance against Defendant Adams; and a First Amendment claim of retaliation as well as an Eighth Amendment claim of deliberate indifference to a serious medical need against nonparty Defendants. For the reasons set forth below, Plaintiff's claims should be dismissed. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

---

[2]Plaintiff's Complaint challenges actions that allegedly occurred in February 2024 while he was incarcerated at the Jail. (*See* Doc. 1, at PageID 3). A review of the Montgomery County Clerk of Court website shows that at the time of the alleged events Plaintiff was at the Jail following a November 2023 conviction for aggravated robbery. At the time, he was awaiting transfer to the Ohio Department of Correction and Rehabilitation. *See* Montgomery County Court of Common Pleas November 13, 2023 Termination Entry, viewed at https://pro.mcohio.org/https://pro.mcohio.org/, under Plaintiff's name and Case No. 2023 CR 446. Because Plaintiff had been convicted at the time of the alleged events, the Eighth Amendment applies to his excessive-force and deliberate-indifference-to-a-serious-medical-need claims. *See Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010).

As an initial matter, although Plaintiff names Defendant NaphCare Nurse Leana as a Defendant in the case caption and list of Defendants, he states that she is named only as a "witness." (Doc. 1, at PageID 1-2). Because Plaintiff does not include any claims against Defendant Leana, this Defendant should be dismissed. *See Sebestyen v. Gardner*, No. 2:17-CV-550, 2017 WL 5629646, at *3 (S.D. Ohio Nov. 22, 2017), *report and recommendation adopted*, No. 2:17-CV-550, 2018 WL 4804662 (S.D. Ohio Oct. 4, 2018) (finding dismissal proper where complaint contained no factual allegations against defendants); *see also Walton v. Litherton*, No. 21-CV-123-NJR, 2021 WL 5760874, at *2 (S.D. Ill. Dec. 3, 2021) (same).

Similarly, Plaintiff includes various allegations in his Complaint against parties not named as defendants. "The Court will not treat parties not in the case caption as defendants." *Walton*, 2021 WL 5760874, at *1. Any potential claims against such individuals should be dismissed. *Id. See also Burfitt v. Lawless*, No. 1:19-CV-781, 2019 WL 7040341, at *2 (S.D. Ohio Dec. 2, 2019), *report and recommendation adopted*, No. 1:19CV781, 2019 WL 7020384 (S.D. Ohio Dec. 20, 2019) (dismissing claims against nonparty defendants).

Plaintiff sues Defendant Adams for an alleged failure to properly investigate and denial of his grievance relating to the February 2024 incident. However, officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be held liable under § 1983. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Moreover, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10cv968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011) (same). Plaintiff's claims against Defendant Adams therefore should be dismissed.

5

Further, while Plaintiff seeks to compel the issuance of criminal charges against Defendant McCabe, he cannot do so.  A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles,* 476 U.S. 54, 63 (1986). "Simply put, Plaintiff cannot compel a criminal prosecution of Defendant because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another." *Johnson v. Micolo*, No. 2:14-CV-161, 2014 WL 4659328, at *3 (W.D. Mich. Sept. 17, 2014) (citing *Diamond,* 476 U.S. at 64–65; *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *Martin v. Koljonen,* No. 03–2169, 2004 WL 445720, at *1 (6th Cir. Mar.9, 2004)).

Finally, Plaintiff's claims against Defendant McCabe also should be dismissed.  When Plaintiff filed his Complaint, he was incarcerated at the Jail and could seek injunctive relief against this Defendant.  But when Plaintiff was transferred to another correctional facility, his requests for injunctive relief against McCabe became moot.  *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  "Underlying th[is] rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *McMurry v. Brown*, No. 2:20-CV-58, 2020 WL 3118567, at *3 (W.D. Mich. June 12, 2020) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  Because Plaintiff is currently at PCI and not under the control of the Defendants, he cannot show a reasonable expectation that he is in immediate danger of sustaining direct future injury from them.  *Id*.; *see also Roberson v. Jackson*, No. 6:20CV188, 2022 WL 17546960, at *4 (E.D. Tex. Jan. 24, 2022), *report and recommendation adopted,* No. 6:20-CV-188-JDK-KNM, 2022 WL 17080741 (E.D. Tex. Nov. 18, 2022) (finding the plaintiff's requests for injunctive relief concerning alleged use-of-force and medical claims moot upon his transfer to new facility); *Lowe v. Oppy*, No. 2:14-CV-535,

2015 WL 1439345, at *3 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted,* No. 2:14-CV-535, 2015 WL 1439325 (S.D. Ohio Mar. 27, 2015) ("Accordingly, the Court's entry of equitable relief on behalf of Plaintiff would have no effect on Defendants' actions towards him because Defendants perform their duties at an institution where Plaintiff is no longer incarcerated."); *Miller v. Fisher*, No. CIV.A. JKB-14-2266, 2015 WL 1402323, at *1 (D. Md. Mar. 24, 2015) (finding the plaintiff's request that cameras be installed throughout the prison to have been rendered moot by his transfer away from that facility).  Because Plaintiff seeks only injunctive relief, his Complaint should be dismissed as moot.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Complaint be **DISMISSED with prejudice** with respect to Defendants Adams, McCabe, and any nonparty Defendants, and **DISMISSED without prejudice** with respect to Defendant Leana.

## IT IS THEREFORE ORDERED THAT:

1. In accordance with footnote 1, the **CLERK OF COURT** is **DIRECTED** to update the docket in this case to reflect Plaintiff's transfer to Pickaway Correctional Institution and to send a copy of this Order and Report and Recommendation to Plaintiff at that location.

2. Plaintiff is **DIRECTED** to update his address in this case and is reminded that he must keep this Court informed of any changes to his address during the pendency of this action.

October 7, 2024 </span> /s/ Caroline H. Gentry
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).