UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DELAQUAN D. HENDERSON,

    Plaintiff,

vs.

MCCABE, *et al*.,

    Defendants.

Case No. 3:24-cv-69

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING THIS CASE WITH PREJUDICE; (2) DENYING *PRO SE* PLAINTIFF'S MOTION SEEKING TO WAIVE THE $350 FILING FEE; (3) DIRECTING PLAINTIFF TO CONTINUE PAYING THE $350 FILING FEE; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

In response to a Report and Recommendation by Magistrate Judge Caroline H. Gentry (Doc. No. 8)—recommending dismissal of this *pro se* complaint—*pro se* Plaintiff Delaquan D. Henderson filed a motion for voluntary dismissal of his complaint pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Doc. No. 9. Accordingly, this § 1983 case is **DISMISSED WITH PREJUDICE AND TERMINATED** on the docket. Because Plaintiff voluntarily dismissed without providing a reason, Magistrate Judge Gentry's Report and Recommendation and *sua sponte* review of his complaint do not need review under 28 U.S.C. § 636(b)(1).

In Plaintiff's motion for voluntary dismissal, he requested the Court waive the remainder of his $350 filing fee. Doc. No. 9. The Court previously granted Plaintiff leave to proceed *in forma pauperis* and required the custodian of Plaintiff's inmate trust account at the institution of his residence to collect and forward to the Clerk of this Court 20% of Plaintiff's preceding monthly income until the full filing fee of $350 has been paid. Doc. No. 7.

When an inmate files his compliant, his obligation to pay the full filing fee attaches. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Sixth Circuit has stated that when an inmate "seeks pauper status, the only issue is whether the inmate pays the entire fee *at the initiation of the proceeding, or over a period of time* under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *McGore*, 114 F.3d at 604 (emphasis added). Events that happen after the Plaintiff files the complaint—including a voluntary dismissal like in this case—do not remove Plaintiff's obligation to pay the fee. *See In re Alea*, 286 F.3d 378, 380-82 (6th Cir. 2002); *McGore*, 114 F.3d at 605, 607. "The Prison Litigation Reform Act, 28 U.S.C. § 1915(b), does not contain language suggesting that courts have the authority or discretion to allow prisoners to deviate from the payment schedule explicitly set out in that statutory provision." *Jones v. Gilbert*, No. 2:22-CV-3574, 2023 WL 10669674, at *1 (S.D. Ohio Apr. 25, 2023) (citing *Stubbs v. Ohio Dep't of Rehab. & Corr.*, No. 1:17-cv-813, 2018 WL 3218703, at *1 (S.D. Ohio July 2, 2018)). In other words, the Court does not have any legal authority to waive Plaintiff's filing fee in this case.

Accordingly, Plaintiff's motion seeking to waive the $350 filing fee is **DENIED**, and Plaintiff is **DIRECTED** to continue paying the $350 filing fee as explained in the Court's Order (Doc. No. 7) granting him leave to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

November 6, 2024    s/*Michael J. Newman*
                                                  Hon. Michael J. Newman
                                                  United States District Judge